NEW-YORK,
October, 1811.

SANDERS
v.
BACON.

New trial granted.

━━━❖━━━

SANDERS and OGDEN *against* BACON and another.

IN error, from the court of common pleas of *Saratoga* county. The plaintiffs in error brought an action of *assumpsit* against the defendants in the court below. The declaration was in the usual form, on a promissory note under the statute. At the trial of the cause, the plaintiffs gave in evidence a note, signed by the defendants, as follows : " For value received, we, jointly and severally, promise to pay *Barent Sanders* and *Isaac Ogden*, or order, the sum of 90 dollars and 71 cents, with interest, on or before the 15th of *September* next. Witness our hands this 4th day of *December*, *A. D.* 1806." On which note was. an endorsement, also signed by the defendants, as follows : " The within obligation is to be delivered to Messrs. *Sanders & Ogden*, as a consideration for a judgment and execution for 90 dollars and 71 cents, in favour of *Sanders & Ogden* against *Salmon Tryon*, and by said *Sanders & Ogden* to be assigned, fully, legally, and effectually, over to the subscribers. *Ballston*, 4th *December*, 1806."

The defendants moved for a nonsuit, on the ground that, by reason of the endorsement, the note could not be declared on as a promissory note, within the statute. And the court nonsuited the plaintiffs. The plaintiffs tendered a bill of exceptions to the opinion of the court below, on which the writ of error was brought to this court.

*Where A. gave to B. a promissory note payable to B. or order, and at the same time made an endorsement on the note, that it was to be delivered to B. in consideration of a judgment against C. to be assigned to A. by B. it was held that the note was a promissory note, within the statute, and might be declared on as such, notwithstanding the endorsement, whichwas merely to show the consideration, and to operate as a notice to whoever might purchase the note; and that the delivery of the note was prima facie evidence of an assignment of the judgment.*

NEW-YORK,
October, 1811.

SANDERS
v.
BACON.

The cause was submitted to the court, without argument.

*Per Curiam.* The note was well declared upon, as a promissory note within the statute. It had all the requisites of such a note. The endorsement upon the back of it was no part of the note, and the effect of it was only to show the consideration, and to operate as a notice to any person who might purchase the note. If the plaintiffs were bound to have shown, in the first instance, the performance of that consideration, the objection ought to have been raised at the trial. The decision turned upon another point, and the intendment from the record would be, that the consideration was admitted, as no objection was raised upon that account. But if it had been raised, it could not have been valid. The delivery of the note was presumptive evidence of the assignment of the judgment, and it stood good, until overthrown by proof, on the part of the defendants, to the contrary. If the assignment was prospective, and to be thereafter made, the delivery of the note was equally so. The note was *to be* delivered, upon a judgment *to be* assigned, and the subsequent delivery was presumptive evidence of the subsequent assignment. They were to be concurrent acts. The decision below was, therefore, upon every view of the case, erroneous, and the judgment must be reversed; and the plaintiffs are at liberty to proceed, if they shall elect so to do, upon a *venire de novo,* to be awarded from this court.

Judgment reversed.