## Foster v. Hill.

Where the cause has been submitted to a commissioner appointed under the statute, and questions of law are raised on his report, the court cannot revise the finding of the commissioner on matters of fact properly submitted to his determination.

Whether a note, taken for an antecedent debt, was received in payment, is a question of fact, proper to be determined by the commissioner on the evidence before him.

Where a promissory note is made payable to the order of two joint payees, and one of the payees transfers his interest in the note to the other, if at the time of the transfer the party selling his interest set his name on the back of the note, he cannot be charged as indorser by the other payee.

ASSUMPSIT, on a promissory note for one thousand dollars, signed by the defendant, and payable to the plaintiff, or order.

The cause was referred to a commissioner appointed under the statute, and his report was submitted to the court, with an agreement that judgment should be rendered on it as the court might direct. The report stated the following facts:

In the winter of 1853–4, or the spring following, the plaintiff and defendant purchased an interest in the "Island Pond Lumber Co.," at $64,000, on which they made payments to the amount of about $3,000, and the plaintiff, having paid more than his share, it was adjusted between them by the defendant's giving the plaintiff a note for $1,000, and another for $950.

Soon after the purchase, the plaintiff and defendant sold out their interest to William C. Sprague, and others, and in part payment took Sprague's two promissory notes, each for $500, payable to the order of Hill and Foster; one of which was payable in six months, but has not been paid, Sprague not being solvent. After Hill and Foster sold out, they divided between them the avails of the sale, and the notes of Sprague fell to the share of Hill.

Some time after this Foster sued Hill on the $1,000 note, and attached property to secure it; and thereupon the parties met, and Foster proposed to Hill to take the notes of Sprague for the $1,000 note of Hill. This was agreed to by Hill, and the

exchange made, Hill placing his name on the back of the note described as payable in six months; but whether or not his name was placed on the other note did not appear. At the time of the transfer to Foster the note payable in six months had not been indorsed by any one. This note was produced at the hearing by Foster.

The commissioner reported that he found that it was agreed by the parties that Foster should take the two notes of Sprague for Hill's $1,000 note; that it was then supposed by both parties that Sprague's notes were good; but that he did not find there was any express agreement that Foster should receive Sprague's notes in payment, or should take the risk of Sprague's solvency; and he further found that Hill placed his name on the back of the note at the request of Foster, who alleged that it was necessary to enable him to collect it, and that it did not appear that there was any other express agreement by Hill to guarantee payment of the notes.

No demand or notice of non-payment was shown before the commissioner, except a letter from the plaintiff's attorney shortly before the suit was brought.

The commissioner reports that he finds upon the whole that the notes [of Sprague were not payment of the note for $1,000, given by Hill, unless the court, upon the facts stated, hold the law to be otherwise, and that there was due from the defendant to the plaintiff, including interest up to October 14, 1856, the sum of $546.80.

The commissioner reported the evidence given before him, but it did not appear to carry the case of the defendant beyond the facts stated in the report.

*George & Foster*, for the plaintiff.

*G. W. Morrison*, for the defendant.

PERLEY, C. J. The commissioner, in his report, does not find that the two five hundred dollar notes of Sprague were agreed

---
---

to be received by the plaintiff in payment of the defendant's debt for one thousand dollars. He reports certain facts and circumstances from which it may have been competent for him to infer the fact that it was so understood and agreed by the parties; but says that there was no such express agreement, and that unless the facts and circumstances reported amount in law to a payment of the debt, he finds for the plaintiff.

We cannot see, in the facts stated by the commissioner, or in the evidence reported, any thing which in law can be held to constitute an agreement that the notes of Sprague should be received as payment of the debt. The fact that the thousand dollar note was given up to the defendant does not in law show such an agreement; it was no more than evidence, to be weighed by the commissioner. *Olcott* v. *Rathbone,* 5 Wendell 490; *Jaffrey* v. *Cornish,* 10 N. H. 509.

A promissory note, whether of the debtor or of a third person, is not, by the law of this State, nor by the common law, payment of an antecedent debt, unless it is agreed to be received as such. The burden of proof is on the party who relies upon delivery of the note as payment, to show affirmatively that it was agreed to be received as such. *Murray* v. *Governeur,* 2 Johns. Cases 438; *Herring* v. *Sanger,* 3 Johns. Cases 71; *Tobey* v. *Barker,* 5 Johns. 68; *Putnam* v. *Lewis,* 8 Johns. 485; *Wright* v. *Crockery Ware Co.,* 1 N. H. 281; *Elliot* v. *Sleeper,* 2 N. H. 527; *Jaffrey* v. *Cornish,* 10 N. H. 505.

Whether the note was in this case received as payment, was a question of fact properly submitted to the determination of the commissioner; *Johnson* v. *Weed,* 9 Johns. 310; *Johnson* v. *Cleaves,* 15 N. H. 332; and the court cannot revise his decision upon that matter of fact. The fact that the note was agreed to be received in payment is not found by the commissioner; on the contrary, he reports that there was no special agreement to take the notes as payment, and that the plaintiff ought to recover unless the law of the case on the facts stated should be against him.

The ground is taken that the defendant was indorser of the two notes, and can only be charged as indorser; that the plaintiff,

by neglecting to demand payment of the maker, has become charged with the notes, and cannot claim for the original debt. We think this position cannot be maintained.

The plaintiff and defendant were joint payees of the note, and their joint indorsement was necessary to negotiate it. Bailey on Bills 76 ; *Smith* v. *Whiting,* 9 Mass, 334 ; *Douglas* 653, (note 134.) After the defendant had set his name on the note, if the plaintiff should add his, the note on delivery would be transferred by indorsement of the payees. But the contract by the indorsement would be joint by both the joint payees, and one of the payees, being holder of the note, could not maintain an action against himself and the other joint indorser. The defendant, by joining in the indorsement with the other joint payee, made no contract that he would be liable to him as indorser. When the note was agreed to be transferred to the plaintiff, it might be convenient for him to have the power to negotiate it, which he could not do without the defendant's name on it ; and the name of the defendant may well be supposed to have been put there for that purpose, as is stated in the evidence reported. The note was not negotiated by indorsement till the names of both the joint payees were set upon it. The nature of the original contract entered into by the parties to the note will not allow the defendant to be charged as sole indorser by the other payee and joint indorser. Foster did not take or hold the note as indorsee under his own and Hill's joint indorsement, and could not have proceeded to demand payment of the maker, and charge Hill as indorser. In declaring against Hill as indorser, the rules of pleading would require the plaintiff to allege that the note was payable to the order of Hill ; but the note was not payable to the order of Hill, but to the joint order of Hill and Foster.

*Judgment on the report for the plaintiff.*