## LEGGETT vs. JONES.

APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard November 15, 1859.]                [Decided December 14, 1859.

### Contracts—Promissory Notes—Frivolous Pleadings.

An agreement to pay money in the form of a promissory note, except adding the words "with exchange on New York," is a contract for the payment of money only, and may be declared on as such. A demurrer to the complaint for the reason that it is not such a contract, will be declared frivolous.

This complaint was in the usual form under the code, setting out the contract sued on, and claiming judgment for the principal and interest; for which judgment was rendered. The other facts will be gathered from the opinion of the court.

*Sloan & Lander*, for the appellant.

1. A demurrer can only be regarded as frivolous when its insufficiency as a defense must be so glaring that the court can determine it upon bare inspection, without argument. *Nichols vs. Jones*, 6 Pr. R., 358; *Lefferts vs. Snediker*, 1 Abbott, 42.

2. The instruments sued on are not promissory notes, although so declared upon; and are not instruments for the payment of money only, within the meaning of sec. 68 of the code. A promissory note is a written promise to pay a certain sum of money unconditionally, in a fixed time, and must be for the payment of money only, unconnected with any other act, and not variable. Rates of exchange depend upon various circumstances; the price fluctuates as much as wheat or any other commodity. Story on Promissory Notes, §§ 17, 18, 19, 20; Edwards on Bills, 138, 140; *Smith vs. Nightingale*, 3 E. C. L. R., 452; *Ayrey vs. Fearnside*, 4 M. & W., 168; *Dilly vs. Van Wie*, 6 Wis., 209.

2. The instruments sued on are more than a promise to pay a certain sum of money at a certain time. The clerk nor the court cannot assess the plaintiff's damages without taking proof of the rate of exchange on New York. The damages are unliquidated. The instruments themselves do not show the extent of the defendant's liability. The rate of exchange must be proved *aliunde*.

*R. Judson*, for the respondent.

The expression in these notes, " with exchange on New York," was nothing more or less than saying the amount should be paid in specie or par money in New York.

*By the Court*, PAINE, J. This action was brought upon two instruments declared on as promissory notes, which were in the following form:

"NEW YORK, May 30, 1858.

" Thirty days after date, I, the subscriber, of Beaver Dam, county of Dodge, state of Wisconsin, promise to pay to the order of S. & T. Lawrence & Co., *with exchange on New York*, two hundred twenty-four dollars, at the Dodge County Bank, Beaver Dam. Value received.     E. J. JONES."

Legett vs. Jones.

The complaint was demurred to as not stating facts sufficient to constitute a cause of action; and the plaintiff had judgment for the frivolousness of the demurrer, from which the defendant appeals. The only ground relied on for reversing the judgment is, that the question whether the instruments declared on were contracts for the payment of money only within the meaning of sec. 68 of the Code, is sufficiently doubtful to relieve the demurrer of the character of frivolousness. It was suggested in the first place that they were not promissory notes, because payable with exchange, which is fluctuating; whereas the general rule is, that a promissory note must be for a sum fixed and certain. No case was cited sustaining this position, and upon the slight examination we have given it, no case has fallen under our observation where the question was ever raised or decided. Though we find cases, as in *Gutacap vs. Woulwise*, 2 McLean, 581, where such instruments have been treated as promissory notes without question. And, although it might seem to be a slight modification of the general rule before stated, we have no doubt such instruments have everywhere been treated as commercial paper, both by the business world and by courts.

But even if they were not, strictly speaking, promissory notes, there can be no question that they are contracts for the payment of money only. Upon this there is no room for argument or doubt, and therefore the demurrer was clearly frivolous.

The judgment is affirmed with costs.