## BLAKE vs. COLEMAN.

CONTRACT: *Promissory note with condition endorsed, without signature.*

1. An instrument sued upon as a promissory note, when produced in evidence, had endorsed thereon a condition that the payee or bearer was "not to expect payment" until certain property of the maker was "sold for a fair price." *Held*, that if so endorsed at the time of its delivery (which may be proved by parol), it was a mere conditional agreement.
2. *It seems* that the legal effect of the indorsement is, that the *maker* was to sell such property; and parol evidence would be incompetent to show that it was agreed that the *payee* was to sell it.

APPEAL from the Circuit Court for *Green Lake* County.

Complaint on a promissory note; answer, a general denial. On the trial, the instrument was put in evidence, and was on its face a promissory note in the usual form, signed by defendant and running to plaintiff, but endorsed thereon were the following words, without date or signature : "The conditions of the within note are as follows : L. S. Blake or

Blake vs. Coleman.

bearer is not to ask or expect payment of said note until his, Coleman's, old mill is sold for a fair price." This was admitted in evidence against defendant's objection. Defendant testified that the endorsement was made before the note was signed; that the note was given for a fanning mill purchased of plaintiff; and that he (defendant) had a fanning mill on hand at the time he gave it. Defendant offered to show by parol that the agreement was that plaintiff should dispose of the old mill, and that it had not been disposed of, but was still in defendant's possession, and plaintiff had never demanded it nor offered to dispose of it; but this evidence was rejected, as tending to vary the terms of a written instrument. Judgment for the plaintiff; from which the defendant appealed.

*A. B. Hamilton*, for appellant, as to the character of the instrument, cited Chitty on Bills (10th ed.), 140–41; *Dillie v. Van Wie*, 6 Wis., 209; *Elmore v. Hoffman*, id., 68; 14 Mass., 322; 4 id., 245; 21 Pick., 483; 23 N. Y., 78. As to the admissibility of the parol evidence, he cited 19 Johns., 313; *Blossom v. Griffin*, 3 Kern., 575; *Potter v. Hopkins*, 25 Wend., 417; C. & H.'s Notes, 1471–3; *Ballston Spa Bank v. Marine Bank*, 16 Wis., 120.

*Wm. Bugh*, for respondent, contended that an endorsement without signature is not a written agreement (*Cole v. Clarke*, 3 Wis., 323; 1 Campb., 442; 16 Barb., 548; 20 E. L. & Eq., 348, 351); and that the oral evidence was inadmissible. *Cooper v. Tappan*, 4 Wis., 362; *Heath v. Van Cott*, 9 id., 516; *Racine Co. Bank v. Keep*, 13 id., 209; *Sigerson v. Cushing*, 14 id., 527; *Gregory v. Hart*, 7 id., 532.

PAINE, J. The court below erred in holding that the instrument on which the action was brought was not affected by the endorsement on the back, but was admissible as a mere promissory note. It may be shown by parol that the

endorsement was on the note at the time it was signed. And that being so, it became part of it, and turned it into a mere agreement. Chitty on Bills (8th ed.), pp. 160–61; *Leeds v. Lancashire*, 2 Campb., 205; *Hartly v. Wilkinson*, 4 id., 127; *Cook v. Kelsey*, 19 N. Y., 415. As this condition qualified the note, the action could not be sustained without showing that it had been fulfilled. We are inclined to think the legal effect of the endorsement is, that the owner of the old fanning mill was to sell it; and that parol evidence would be incompetent to show that it was agreed that the plaintiff should sell it. But for the reason above stated, the judgment must be reversed, and cause remanded for a new trial.

*By the Court.*—Ordered accordingly.