## WARD vs. PERRIGO.

PROMISSORY NOTE. (1) *Inoperative words added.* (2) *Parol evidence to show failure of consideration.*

1. A promissory note sued on was in this form : " On or before ninety days after date, for value received, I promise to pay to W. & Co., or bearer,

fifty dollars, with interest at ten per cent. after due, at M. [for two mills, remit as soon as sold.] " *Held*, that while the words "for two mills" show on what account the note was given, the words "remit as soon as sold" do not show that the maker held the mills only as bailee and not as purchaser; and they are inoperative to affect the contract.

2. The action being by the payee against the maker, if the mills were in defendant's hands as bailee for the purpose of selling them for plaintiff, there being no pretense that he has sold or converted them, there is an entire failure of consideration for the note; and this defense, being fully set up in the answer, may be proved by parol evidence, although it contradicts the terms of the note.

APPEAL from the Circuit Court for *Jefferson* County.

The action is upon a promissory note in the following form.

"MARSHALL, Nov. 1, 1869. — On or before ninety days after date, for value received, I promise to pay to Widman & Co., or bearer, fifty dollars, with interest at ten per cent. after due, at Marshall [*for two mills, remit as soon as sold*]. M. A. PERRIGO."

The plaintiff is the real payee of the note, Widman & Co. never having had any interest therein,

The answer contains three defenses: 1st, a general denial; 2d, that the note was given for two fanning mills which were left by the plaintiff with the defendant for sale by the latter, which mills the defendant did not purchase, but only received them as bailee for the purpose of selling them; that he is unable to sell the mills, or either of them, and holds them subject to the order of the plaintiff, of which facts he gave the plaintiff due notice before this action was commenced; and 3d, a breach of warranty; but this defense does not admit that the defendant purchased the mills.

The answer concludes with the averment, "that the consideration for said note has therefore wholly and entirely failed, and that said plaintiff had full knowledge of all said facts from the time of defendant's so signing said note to the present time."

During the trial, the circuit judge held that there was nothing in the words of the above note in brackets which changed at all the legal effect of the remainder of the note.

The testimony tended to show that the defendant was the bailee and not the purchaser of the mills for which the note was given, and tended also to prove the truth of the other allegations of the second and third defenses in the answer. The judge instructed the jury among other things, that "the only defense there is to this action is that of warranty." Due exceptions were taken to the above rulings and instruction, by the defendants.

The plaintiff had a verdict for $52.98 ; and from the judgment entered thereon, the defendant has appealed.

*I. W. & G. W. Bird*, for appellant, argued, among other things, 1. That the court erred in construing the note without regard to the words in brackets. In construing a writing all parts of it must be considered, and the meaning of the parties deduced, not from a part but from the whole. 2 Parsons on Con., 13, note (r). A writing contains all that may fairly be implied from it; and where the terms of a promise admit of more senses than one, the promise is to be performed in that sense in which the promisor apprehended it, at the time the promisee received it. *Potter v. Ins. Co.*, 5 Hill, 147 ; 2 Parsons on Con., 27 and note. 2. That if the transaction was as claimed by defendant, there was no *consideration* for the note, and the question whether that was the real transaction should have been submitted to the jury, upon all the evidence offered on that subject. *Slade v. Halstead*, 7 Cow., 321; *Olmsted v. Stewart*, 13 Johns., 238; *Peterson v. Johnson*, 22 Wis., 21; *Hubbard v. Galusha*, 23 id., 398; *Smith v. Carter*, 25 id., 283.

*W. H. Rogers*, for respondent, argued that the only fair construction of the words, "For two mills, remit as soon as sold," is, that defendant was to be allowed to pay the note as soon as the mills were sold, if sold before the note was due; because that construction gives force and validity to the whole contract and every part of it, while that claimed by defendant would nullify the whole instrument. All instruments should be construed *contra proferentem*. 2 Parsons on Con., 501–506. Counsel

further contended that the court was correct in instructing the jury that the only defense to the action was that of warranty.

LYON, J.   We are not prepared to say that the learned circuit judge was in error when he held that the words in the note, "*for two mills, remit as soon as sold*," did not vary the contract of which the note is the evidence.   Of course, the words "*for two mills*" show on what account, or for what, the note was given; but the remaining words, "*remit as soon as sold*," are quite unintelligible to us.   The plaintiff testifies that they were inserted for the purpose of giving the defendant the right to pay the note before the expiration of ninety days.   But when it is considered that the defendant had that right already, by the terms of the note, — the same being payable on *or before* ninety days. etc., — this testimony must be taken with some allowances for the imperfection of human recollection.   Then, further, the note did not draw interest until after ninety days, and it is extremely improbable that the defendant feared that he would not be permitted to pay it when he pleased.

The theory of the defendant is, that the words were inserted to show that he was a bailee and not a purchaser of the mills. If that be true, the parties failed entirely to use language which admits of that construction, or which has any reference to the matter of a sale or bailment of the mills.   We are of the opinion that the words last above quoted are inoperative to affect the contract contained in the balance of the note, and that the judge ruled correctly in that behalf.

But we think there is error in the instruction to the jury that the alleged breach of warranty was the only defense to the action.

If the mills are in the hands of the defendant merely as a bailee, for a special purpose (and the testimony tends to show this fact), there being no pretense that he has sold or converted the property, there seems no room for doubt that there is an entire failure of consideration for the note.   This is a defense

which may be proved by parol evidence, although it contradicts the terms of the note; and it is fully set up in the answer.

Had an instruction been prayed for, submitting to the jury the question as to whether the transaction between the parties was a sale or bailment, and charging them that, if a bailment, the plaintiff could not recover on the note, in the absence of any evidence of a conversion of the mills by the defendant, it should have been given. And although no such instruction was asked, still we think it was error to instruct the jury that there was no defense to the action other than that of a breach of warranty.

For this reason there must be another trial.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.