KIRK VS. THE DODGE COUNTY MUTUAL INSURANCE COMPANY.

BILLS AND NOTES: *When negotiable.*

1. A note by which the maker promises absolutely to pay to the order of the payee a sum certain, at a fixed time, such payment not being dependent upon a contingent event, nor out of a particular fund, is negotiable.

2. Where such a note is given to an insurance company for the premium upon a policy of insurance, its negotiable character is not affected by a further agreement therein, that if it shall not be paid at maturity, the whole amount of premium on such policy shall be considered as earned, and the policy shall be void while the note remains overdue and unpaid.

APPEAL from the Circuit Court for *Pepin* County.

Action to recover the amount of an insurance policy issued by the defendant company, dated January 12, 1875, upon the plaintiff's hotel property in the town of Waterville, in Pepin county.

The complaint alleges a compliance by the plaintiff with all the conditions of the policy; a total loss by fire on the 14th day of February, 1875; due notice thereof to the defendant; and a demand and refusal of payment.

The answer alleges, as a defense, the execution by plaintiff of an instrument in writing, which is set forth at length in the opinion; the failure of the plaintiff to pay the same, according to its terms, on the 12th of February, 1875; and that, in consequence thereof, the policy became inoperative and void, and so remained at the time of the loss.

From an order sustaining a demurrer to the answer, the defendant appealed.

The cause was submitted by both sides on briefs.

*Dixon, Hooker & Palmer* (*L. S. Dixon*, of counsel), for appellant, to the point that the condition annexed to the note destroyed its negotiability, and therefore no days of grace existed, cited *Robert v. Ins. Co.*, 1 Bigelow's L. & A. Ins. R., 644; *S. C.*, 1 Disney, 355; 1 Parsons on B. & N., 45; *Martin v.*

Kirk vs. The Dodge County Mutual Insurance Company.

*Chauntry*, 2 Strange, 1271; *Knight v. W. & M. R. R. Co.*, 1 Jones' Law (N. C.), 357; *Barnes v. Gorman*, 9 Rich. Law, 297; *Wallace v. Dyson*, 1 Spears' Law, 127; *Austin v. Burns*, 16 Barb., 643; *Hubbard v. Mosely*, 11 Gray, 170; *American Ex. Bank v. Blanchard*, 7 Allen, 333; *Blake v. Coleman*, 22 Wis., 415; *Overton v. Tyler*, 3 Pa. St., 346; *Union Mut. Life Ins. Co. v. McMillen*, 24 Ohio St., 67; *S. C.*, 13 Am. Law Reg., N. S., 610; 4 Bigelow's L. & A. R., 384, 390; *Zimmerman v. Anderson*, 67 Pa. St., 421; 5 Am. R., 447; *Arnold v. R. R. Co.*, 5 Duer, 207.

*Cousins & Hoyt* (*H. Cousins*, of counsel), for respondent, contended that, the note being taken · in payment of the premium, the policy took effect from delivery, and must continue in force until default in payment of the note at least, whatever might be the consequences of nonpayment at maturity; that there could be no default until the note became due (*Mutual Life Ins. Co. v. French*, 2 Cin. Sup. Ct. R., 321; *Pitt v. Ins. Co.*, 100 Mass., 500; *Goit v. Ins. Co.*, 25 Barb., 189); and that the note was negotiable and entitled to grace. 2 Bouv. Law Dic., 392; *Wall v. Ins. Co.*, 36 N. Y., 158; *Alliance Mut. Ins. Co. v. Swift*, 10 Cush., 433; *Cary v. Nagel*, 2 Biss., 244; *Frost v. Ins. Co.*, 5 Denio, 154; *Bull v. Sims*, 23 N. Y., 570; *Sanders v. Bacon*, 8 Johns., 485; *Cota v. Buck*, 7 Met., 588; *Hodges v. Shuler*, 22 N. Y., 114; *Taylor v. Curry*, 109 Mass., 36; *Bank of Washington v. Triplett*, 1 Pet., 25; *Hopping v. Quin*, 12 Wend., 517; R. S., ch. 60, sec. 5.

COLE, J. The question in this case is, whether an instrument of which the following is a copy, is a negotiable promissory note:

" $40.00. ARKANSAW P. O. E. N. Stillman, Agent. Pepin Co., Wis., Jan'y 12, 1875. On or before the 12th of February next, for value received, I promise to pay to the Dodge County Mutual Insurance Co. or order, at their office in Waupun,

Wis., forty dollars for premium for insurance policy No. 2,193 in said company.

"And it is further agreed that if this note be not paid at maturity, the whole amount of premium on said policy shall be considered as earned, and the policy be null and void so long as this note remains overdue and unpaid. Interest at the rate of ten per cent. per annum until paid. W. G. KIRK."

If the above is a negotiable promissory note, it was not due when the property insured was destroyed by fire on the 14th of February, 1875, and the company is responsible for the loss.

It seems to us there can be no doubt about the character of the instrument. It has all the essential qualities of a promissory note as defined in the books. It is a promise to pay to the order of the company a specified sum of money, at a fixed time; the payment not dependent on any contingency, nor payable out of a particular fund. Says SHAW, C. J., in *Cota v. Buck*, 7 Met., 588: "The true test of the negotiability of a note seems to be, whether the undertaking of the promisor is to pay the amount at all events, at some time which must certainly come, and not out of a particular fund, or upon a contingent event. If it were payable on a contingency, or out of a particular fund, it would not be negotiable." Whatever doubt might exist in that case as to whether the undertaking to pay was absolute and to be made within a certain limited time, there would seem to be no uncertainty upon any of those points in the case before us.

It is said, however, that the memorandum attached to the note is in the nature of a condition which destroys the negotiable character of the instrument. That memorandum in no degree qualifies the absolute promise of the maker to pay the note on or before the 12th day of February thereafter. The maker stipulates that if he fails to pay at the maturity of the note, the whole amount of premium on the policy shall be considered earned, and that while he should be in default the property would be at his own risk. This is the substance of

the memorandum. But it does not affect or change the maker's liability on the note. That continues, though the policy may have become forfeited by his failure to pay at the time specified. The effect of such a memorandum on the rights of the insurer and insured is quite fully considered in *Williams v. Albany City Ins. Co.*, 19 Mich., 451; though there the question was, whether the company was liable on the policy for a loss occurring during the default to pay the note. That, of course, is a different question from the one before us. Here the question is, whether the character of the instrument is affected by the memorandum attached. And we perceive no ground for holding that it is. The case of *Blake v. Coleman*, 22 Wis., 415, is clearly distinguishable from the one at bar. See *Ward v. Perrigo*, 33 Wis., 143; *Sanders v. Bacon*, 8 Johns., 485; *Hodges v. Shuler*, 22 N. Y., 114.

We think the order of the circuit court, sustaining the demurrer to the answer, is correct, and must be affirmed.

*By the Court.* — Order affirmed.