MORGAN vs. EDWARDS and another.

*November 25 — December 13, 1881.*

PROMISSORY NOTE. *Promise to pay expenses of collection.*

The instrument sued on was a promise to pay to B. or order, on a day named, and at a certain bank, a specific sum of money; with a further promise "to pay all expenses, including attorney's fees, incurred in collecting, without any relief from valuation or appraisement laws." *Held,*

    1. That the two promises are inseparable parts of the same instrument.

    2. That the second promise binds the promisor to pay, not merely the expenses of enforced collection after maturity, but whatever expense may accrue to the holder, in receiving payment at maturity.

    3. That, as such expenses are of uncertain amount, the instrument is not a negotiable note.

    4. Whether a promise in the instrument to pay the expense of collecting it *after maturity*, or *by suit*, would destroy its negotiability, not considered.

APPEAL from the Circuit Court for *Dunn* County.

This action was founded upon the following instrument:

"$96.85.           MENOMINEE, WISCONSIN, March 15, 1880.

" On the first day of September, 1880, the subscribers, whose post-office address is Menominee, county of Dunn and state of Wisconsin, promise to pay E. M. Birdsall & Co., or order, $96.85, for value received, with interest at ten per cent. per annum if paid when due; if not so paid, then the interest shall be ten per cent. per annum from date. We also agree to pay all expenses (including attorney's fees) incurred in collecting, without any relief from valuation or appraisement laws. Payable at the Shute & Quilling Bank, in Menominee, Wisconsin. The express conditions of the sale and purchase of the engine, separator and horse-power for which this note is given, are such that the title, ownership or possession does not pass from the said E. M. Birdsall & Co. until this note, with interest, is paid in full; and the said E. M. Birdsall & Co. have full power to declare this note due, and take possession of said

Morgan vs. Edwards and another.

separator and horse-power, at any time they may deem this note insecure, even before the maturity of the same.

"EDWARDS & SON."

The instrument is indorsed "E. M. Birdsall & Co."

The complaint counts upon the instrument as a negotiable promissory note. It alleges the partnership of the makers under the firm name of Edwards & Son, the indorsement of the instrument by the payees to the plaintiff before maturity, the ownership thereof by plaintiff, non-payment by the defendants, and due demand, protest and notice. The defendants, by their answer, deny the negotiability of the instrument, and allege that it was obtained from them by the fraudulent representations of the payees, and was given without consideration. The action was tried solely upon the following stipulation: "It is stipulated by and between the said parties, by their respective attorneys, that the said action shall be tried by the court without a jury, and that the only question to be tried is, whether the said instrument on which the plaintiff claims is a strictly negotiable promissory note. If the said instrument is in law a negotiable promissory note, such as will pass by indorsement before due, relieved in the hands of the indorsee of any and all equities existing against it in favor of the maker and against the payee, then judgment may and shall be entered for the plaintiff for the full amount of said instrument and costs. But if said instrument is not in law a negotiable promissory note, such as will pass before due relieved in the hands of the indorsee of any and all equities existing against it in favor of the maker and against the payee thereof, then judgment may and shall be rendered in favor of the defendants for costs." The circuit court held that the instrument is not a negotiable promissory note, and gave judgment for the defendants pursuant to the stipulation. The plaintiff appealed.

For the appellant there was a brief by *S. W. McCaslin*, his

Morgan vs. Edwards and another.

attorney, with *Frederic K. Conover*, of counsel, and oral argument by *Mr. McCaslin:*

The instrument in suit possesses all the requisites of a promissory note under the statute (3 and 4 Anne, c. 9; R. S., secs. 1675, 1678), and the definitions given by text writers. Bouv. Law Dic., "Promissory Notes;" 1 Daniell on Neg. Inst., § 28; Smith's Merc. L., 199; Byles on Bills, 5; Story on Prom. N., § 1. It is therefore negotiable, unless some of its additional stipulations and recitals change its character or impair the certainty of the original promise. But these in fact are all subordinate to and in aid of that promise. They merely facilitate the means of collection of the amount named, or recite the fact that a certain security attaches to the note. If they leave the promise absolute to pay a certain sum at the time limited, they do not destroy the negotiability of the instrument. 1 Daniell, §§ 52, 59; 2 Parsons on N. & B., 147; *Kirk v. Dodge Co. Mut. Ins. Co.*, 39 Wis., 138. 1. Does the agreement to pay expenses of collection, including attorney's fees, destroy negotiability? "The amount to be paid at maturity was fixed and certain, and it was only in the event that the [note] was not paid when due that any uncertainty arose. . . . As long as it remains a substitute for money, the amount which it entitles the holder to demand must be fixed and certain; but when it is past due, it ceases to have that peculiar quality called negotiability, or to perform the office of money; and . . . anything which only renders its amount uncertain after it has ceased to be a substitute for money, . . . cannot prevent its becoming negotiable paper. The agreement for the payment of attorney's fees in no sense increased the amount of money . . . payable when the note fell due; and we are unable to perceive that it rendered that amount uncertain in the least degree. . . The agreement relates rather to the remedy upon the note, if a legal remedy be pursued to enforce its collection, than to the sum which the maker is bound to pay. It is not different in its

character from a *cognovit*, which, when attached to promissory notes, does not destroy their negotiability." *Gaar v. Louisville Banking Co.*, 11 Bush, 186; *Sperry v. Horr*, 32 Iowa, 184; *Nickerson v. Sheldon*, 33 Ill., 372; *Seaton v. Scovill*, 18 Kans., 433; *Stoneman v. Pyle*, 35 Ind., 103; *Hubbard v. Harrison*, 38 id., 323, 338; *Dietrich v. Bayhi*, 23 La. Ann., 767; *Heard v. Dubuque Co. Bank*, 8 Neb., 10; *Kemp v. Klaus*, id., 24; *Newton Wagon Co. v. Diers*, 10 id., 284; *Howenstein v. Barnes*, 5 Dillon C. C., 482; *Bank of B. N. Am. v. Ellis*, 2 Fed. Rep., 44, 48; 1 Daniell on Neg. Inst., § 61; Benjamin's Chalmers' Dig., art. 13, pl. 10. See also *Wilson S. M. Co. v. Moreno*, 7 Fed. Rep., 806; *Smith v. Muncie Nat. Bk.*, 28 Ind., 158; *Smith v. Silvers*, 32 id., 321; *First Nat. Bank v. Canatsey*, 34 id., 149; *Walker v. Woollen*, 54 id., 164; *Woollen v. Ulrich*, 64 id., 120; *Cannon v. Canfield*, 11 Neb., 506; 29 Am. Rep., 406; 15 West. Jur., 119. In Missouri, Pennsylvania and Minnesota a contrary doctrine has been held; but it is believed that the question has been more carefully considered in the cases above cited, and that, as remarked by DILLON, J., in *Howenstein v. Barnes*, the reasoning in those cases is correct, " and the conclusion reached is more in accordance with the advanced views of the present time, and with the general principles established by the supreme court of the United States in *Mercer Co. v. Hacket*, 1 Wall., 95, and other cases sustaining the negotiability of municipal bonds." 2. As to the stipulation waiving " relief from valuation or appraisement laws," counsel cited *Zimmerman v. Anderson*, 67 Pa. St., 421; *Hereth v. Meyer*, 33 Ind., 511; *Walker v. Woollen*, 54 id., 164; *Woollen v. Ulrich*, 64 id., 120; *Kemp v. Klaus*, 8 Neb., 24; 1 Daniell on Neg. Inst., § 61; Benj. Chalm. Dig., 14, 15. 3. The recital in the note of the terms upon which the sale of the machinery was made, does not qualify the absolute promise to pay within a certain limited time. (1) The relation between the parties, created by the sale referred to, was precisely the same that would have

existed had the vendee secured the payment of the purchase price by giving a chattel mortgage of the machine to the vendor; and the recital is merely another form of the statement: "This note is secured by chattel mortgage." The law is "well settled that it may appear on the face of the note that its payment is secured by collaterals in personal property or mortgage of real property, yet, if otherwise in proper form, it is nevertheless negotiable." *Heard v. Dubuque Co. Bank, supra; Mott v. Havanna Nat. Bank,* 11 N. Y. Weekly Dig., 96; *Towne v. Rice,* 122 Mass., 74; *Collins v. Bradbury,* 64 Me., 37; *Arnold v. Rock River V. U. R. R. Co.,* 5 Duer, 207; *Newton Wagon Co. v. Diers, supra; Howry v. Eppinger,* 34 Mich., 29; *Littlefield v. Hodge,* 6 id., 326; *Duncan v. Louisville,* 13 Bush, 385; *Wise v. Charlton,* 4 Ad. & E., 786; *Fancourt v. Thorne,* 9 Q. B., 312; 1 Daniell on Neg. Inst., §§ 51, 52; Smith's Mercantile Law, 203. (2) The recital, so far as it contains a statement of the consideration for which the note was given, cannot affect its commercial qualities. *Hereth v. Meyer,* 33 Ind., 511; *Cota v. Buck,* 7 Met., 588; *Doherty v. Perry,* 38 Ind., 15; *Goddard v. Lyman,* 14 Pick., 268; *Collins v. Bradbury,* 64 Me., 37; *Preston v. Whitney,* 23 Mich., 260; *Wright v. Irwin,* 33 id., 32; *Bank of Commerce v. Barrett,* 38 Ga., 126; *Stillwell v. Craig,* 58 Mo., 24; 1 Daniell on Neg. Inst., §§ 51, 797. (3) Notes which by their terms are payable certainly and at all events on a day particularly named, are not rendered non-negotiable by the fact that, at the option of one of the parties, they may become payable before that day. Thus, notes payable "on or before" a day named are universally held to be negotiable. *Mattison v. Marks,* 31 Mich., 421, 423; *Jordan v. Tate,* 19 Ohio St., 586; *Kirk v. Dodge County Mut. Ins. Co.,* 39 Wis., 138.

The note in suit is, in effect, payable on demand, but to be paid certainly and at all events on the first day of September, 1880. The absolute promise to pay within a certain limited time remains unimpaired. *Stevens v. Blunt,* 7 Mass., 240;

*Cota v. Buck*, 7 Met., 588; *Goodloe v. Taylor*, 3 Hawks (N. C.), 458; *Hodges v. Shuler*, 24 Barb., 68; *S. C.*, 22 N. Y., 114, 118; *Ernst v. Steckman*, 74 Pa. St., 13; *Walker v. Woollen* and *Woollen v. Ulrich, supra; White v. Smith*, 77 Ill., 351; *Carlon v. Kenealy*, 12 M. & W., 139; *Dinsmore v. Duncan*, 57 N. Y., 573, 578; *President, etc., of Goshen Turnp. Co. v. Hurtin*, 9 Johns., 217; *Washington County Ins. Co. v. Miller*, 26 Vt., 77; *Heard v. Dubuque Co. Bank* and *Newton Wagon Co. v. Diers, supra; Sea v. Glover*, 1 Bradw. (Ill.), 335; Bigelow's Bills and Notes, 19, 20; 1 Daniell on Neg. Inst., §§ 43, 48; 1 Parsons on N. & B., 40.

For the respondents there was a brief by *Manwaring & Shafer*, and oral argument by *Mr. Manwaring:*

1. The agreement of the makers of the instrument in suit to pay " all expenses, including attorney's fees, incurred in collecting " creates an uncertainty as to the amount to be paid, and, by the weight of authority, destroys the negotiability of the note. Parsons on N. & B., 30, 37, and note (x); *Woods v. North*, 84 Pa. St., 407. The opinion by SHARSWOOD, J., in the latter case, reviews the leading cases holding the contrary, and seems to be unanswerable. See further *First Nat. Bank of Trenton v. Gay*, 63 Mo., 33; *Johnson v. Speer* (Pa.), Albany L. J. of Jan. 1, 1881; *Jones v. Radatz*, 27 Minn., 240; *First Nat. Bank v. Bynum*, 84 N. C., 24 (decided in 1881); *First Nat. Bank v. Marlow*, 71 Mo., 618; *First Nat. Bank v. Gay*, 71 Mo., 627; *Ayrey v. Fearnsideo*, 4 M. & W., 168; *Farquhar v. Ins. Trust & Safe Co.*, 18 Alb. L. J., 330; *Palmer v. Ward*, 6 Gray, 340; *Stults v. Silva*, 119 Mass., 137; *Lamb v. Storey*, 8 N. W. Rep., 87; *Considerant v. Brisbane*, 14 How. Pr., 487; *Goodloe v. Taylor*, 3 Hawks, 458; Story on Bills, § 42; Story on Prom. N. (7th ed.), p. 30, § 20, note 2. In *Leggett v. Jones*, 10 Wis., 34, the only proposition decided was that the instrument there in suit was one " for the payment of money only." The question whether the promise to pay current exchange destroyed its negotiability

was not raised. The weight of authority is, that notes providing for payment of current exchange are not negotiable. *Lowe v. Bliss*, 24 Ill., 168; *Philadelphia Bank v. Newkirk*, 2 Miles, 442; *Read v. McNulty*, 12 Rich. (S. C.), 445; *Palmer v. Fahnestock*, 9 U. C. C. P., 172; *Russell v. Russell*, 1 McArthur, 263; 3 Rich., 42; 7 Hill, 359; *Hill v. Todd*, 29 Ill., 101; *Clauser v. Stone*, id., 114. In Michigan the contrary was held by a divided court. *Smith v. Kendall*, 9 Mich., 241. See the dissenting opinion of CAMPBELL, J. See also *Lamb v. Storey*, *supra*. Most of the cases holding notes providing for attorney's fees and expenses negotiable are comparatively old cases; and *Heard v. Dubuque Co. Bank*, 8 Neb., 10, was decided under a peculiar statute. Moreover, the agreement as to expenses of collection in this case is different from those found in the cases relied upon by the appellant, in that it is *absolute*, and not in any way conditioned upon a default in payment at maturity; and there appears no reason why the holder may not incur expenses, and even attorney's fees, if he chooses, either at or even before maturity, and compel the maker to pay them. In Michigan, indeed, it has been held that agreements, in notes and in mortgages, to pay attorney's fees, are void *(Bullock v. Taylor*, 39 Mich., 137; *Myer v. Hart*, 40 id., 517); but this court has repeatedly held differently. *Tallman v. Truesdell*, 3 Wis., 443; *Boyd v. Sumner*, 10 id., 41; *Hitchcock v. Merrick*, 15 id., 522; *Rice v. Cribb*, 12 id., 179; *Mosher v. Chapin*, id., 453; *Pierce v. Kneeland*, 16 id., 672; *Reed v. Catlin*, 49 id., 686. 2. The provision in the note that "the express conditions of the sale and purchase of the engine, separator and horse power for which this note is given, are such that the title, ownership or possession does not pass from the said E. M. Birdsall & Co. until the note with interest is paid in full," destroys its negotiability. It shows that the makers received no consideration for the note, except, perhaps, an implied promise on the part of the payees to convey the property on

payment of the note.   An instrument with such a provision obviously differs very materially from a chattel mortgage. Simple executory contracts to convey property on payment of a certain sum of money are not negotiable.   *Third Nat. Bank v. Armstrong,* 25 Minn., 530; *Minneapolis Harvester Works v. Hally,* 8 N. W. Rep., 597; *Stevens v. Johnson,* 9 id., 677; *Heard v. Dubuque Co. Bank,* 8 Neb., 10.   3. The power reserved by the instrument to the payees to declare it due whenever they may deem it insecure, destroys its negotiability.   The time of payment of a negotiable note must be certain, "not depending on the future volition of any one." *Brooks v. Hargreaves,* 21 Mich., 254; *First Nat. Bank v. Bynum,* 84 N. C., 24; *Goodloe v. Taylor,* 3 Hawks, 458; *Chouteau v. Allen,* 70 Mo., 290; *Fletcher v. Thompson,* 55 N. H., 308; *Way v. Smith,* 111 Mass., 523; *Smith v. Van Blarcom,* 8 N. W. Rep., 90; *Miller v. Poage* (Iowa), id., 799.

LYON, J.   The only question to be determined on this appeal is, whether the instrument in suit is a promissory note.   If a note, it is negotiable, as a matter of course, because by its terms it is payable to the payees named therein or order.

Mr. Byles, in his treatise on Bills and Notes, defines a promissory note as being "an absolute promise in writing, signed but not sealed, to pay a specified sum at a time therein limited, or on demand, or at sight, to a person therein named or designated, or to his order, or to the bearer."   Page 11.   Judge Story, in his commentaries on the Law of Promissory Notes, says: "A promissory note may be defined to be a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money at a time specified therein."   Page 2.

It is claimed that the instrument in suit is not a promissory note, because: (1) The stipulation to pay expenses of collection makes the amount uncertain which the defendants promise to pay.   (2) The right given the payees to declare the money due

at any time they may deem themselves insecure, also rendered the time uncertain when the money would become payable. (3) By the terms of the instrument, the title to and the ownership and right to the possession of the machine for which it was given, remained in the payees, and hence the instrument shows on its face that there was no consideration for it.

These propositions were very ably argued by the learned counsel for the respective parties, and they referred us to numerous adjudications bearing upon them. The learning and research of counsel have greatly aided us in our deliberations upon the case. On the first two of the above propositions there is much conflict in the cases. Many courts whose decisions command the highest respect, have held that stipulations like those under consideration, in an instrument which would otherwise be a negotiable promissory note, destroy its character as such, while many other courts of equal authority have held the contrary doctrine. The cases on the subject are too numerous to be here cited, but references to many of them will be found in the briefs of the respective counsel. It may be remarked, preliminarily, that the statute (R. S., 495, § 1675) is merely a reënactment of the substance of the statute 3 & 4 Anne, c. 9, which was passed for the purpose of establishing the negotiability of promissory notes, that quality having been denied to them by Lord HOLT, in *Clerke v. Martin*, 2 Ld. Raym., 757. See Smith's Mer. Law, 199. Neither the statute of Anne nor our statute attempts to define a promissory note, or to state its essential qualities. To ascertain these we must refer to the principles of mercantile law as laid down in approved treatises, and in those adjudged cases which are regarded as authoritative.

The first specific ground upon which the negotiability of the instrument in suit is denied, will now be considered. The instrument contains this clause: "We also agree to pay all expenses, including attorney's fees, incurred in collecting;" meaning, of course, in collecting the money which the defend-

ant therein promised to pay E. M. Birdsall & Co. or order. The sum to be so paid is uncertain in amount, and dependent upon the contingency that expenses in that behalf are incurred. The promise to pay such expenses (if any are incurred) is a part of the instrument, and cannot be separated from the preceding promise therein to pay a specified sum and interest. The payment of the certain and the uncertain amounts, added together, is, so to speak, the aggregate promise in the instrument. It would seem, therefore, on principle, that there is an element of uncertainty in the instrument in respect to the sum of money for which it was given. If so, it contains no promise to pay a certain or specified sum, and hence, under all, or nearly all, of the authorities, is not a promissory note.

A large number of cases have been cited which hold that if the amount payable at the maturity of the paper is fixed and certain — the instrument containing the other essentials of a note,— it is still a note, although it contains a further promise to pay an uncertain sum for expenses or costs of collection if not paid at maturity, or if suit be brought upon it. We have examined many of these cases, and in all thus examined we find express stipulations that such expenses or costs are only payable provided default be made in the payment of the note at maturity, or unless suit be brought upon it, which implies a default. But, as already intimated, there are many adjudications holding that an instrument containing such a stipulation, notwithstanding the amount due at maturity is fixed and certain, is not a promissory note.

The cases in this court which are claimed to have any bearing on the question at issue between the courts, are *Leggett v. Jones*, 10 Wis., 34; *Blake v. Coleman*, 22 Wis., 415; and *Kirk v. Dodge Co. M. Ins. Co.*, 39 Wis., 138. If there are any other cases decided by this court, affecting the question, we have failed to recall them.

In *Leggett v. Jones* the opinion was expressed, confessedly upon a slight examination, that an instrument in the form of

a promissory note, for the payment of a certain sum of money, "with exchange on New York," was in fact a promissory note. The question in that case was not whether the instrument was a note under the law merchant, but whether it was a contract for the payment of money only under the code. The question was answered in the affirmative, and that is the whole basis of the judgment. The case cannot justly be regarded as authority for the proposition that an instrument containing such a stipulation can be a promissory note, although it has been so referred to in some of the elementary books. But had this court so decided, it is believed that the judgment might be upheld on substantial grounds, without violating the rule which requires certainty in a promissory note as to the amount payable.

A note is payable in lawful money of the United States, which is at par in every portion of the country. If a note is made payable in Milwaukee, with exchange on New York, it requires precisely the same sum of money to pay it as would be required had it been made payable in New York. The exchange is the cost of drawing a bill and transmitting the money to New York to meet it. In *Leggett v. Jones* the note was payable to the Dodge County Bank, with exchange on New York. Had the note been made payable in New York, no one would claim that there was any uncertainty in the amount, although the maker would necessarily have been subjected to the expense, uncertain in amount, of providing funds there to meet it. It is precisely that expense which constitutes and governs the cost of exchange. Hence, the same sum of money which would have been required to pay the note in New York, would have paid it at the Dodge County Bank, including the exchange, according to its terms. In speaking of the cost of exchange, we refer only to transactions in money. Nominally, the cost of exchange may include the discount on the ordinary currency of the place where the bill is drawn, at the place of payment; and such discount

may greatly fluctuate. But a note payable with exchange is not affected by these facts, for it cannot be payable in anything but money (unless by virtue of some special statutory provision), and still be a note. There can be no discount on *money* to affect the cost of inland exchange. Hence, it may well be said that the uncertainty in the amount due on a note which stipulates for the payment of exchange between two points, is rather apparent than real and substantial.

*Blake v. Coleman* merely decides that an unsigned memorandum on the back of a note, qualifying the time of payment, and which was placed there before the note was signed, became a part of the contract and binding upon the payee.

. In *Kirk v. Dodge Co. Mut. Ins. Co.* the instrument before the court was in the form of a negotiable promissory note made by the plaintiff to the defendant. It was therein stated that the same was given for premium for an insurance policy of a specified number. The note also contained the conditions that if not paid at maturity the whole premium on the policy should be considered earned, and the policy should be null and void while the note remained unpaid. The controlling question was, whether the instrument was a promissory note, and the court held that it was. Manifestly there was no uncertainty in the sum required to pay the note at maturity, or at any time after maturity. True, it provided that the penalty for default should be that certain other obligations should become due, presumably before the time of payment specified therein; but that provision did not make such obligations a part of the note then under consideration, or increase the amount of money required to pay and discharge such note. The note called for $40, with interest, and there was no stipulation under which the maker could be required, under any circumstances, to pay more than $40 and the accrued interest to discharge the note.

Obviously, none of these cases commit this court to either line of conflicting decisions before mentioned. We are thus

free to choose between them when a case arises requiring a choice. This case does not require us to determine whether an instrument providing for the payment of an uncertain sum for expenses of collection, or of a suit, in case of default, can or cannot be a promissory note. The stipulation to pay such expenses, contained in the instrument in suit, is not made contingent upon default of payment at maturity. If the money had been paid at the specified place on the day it was due, the defendants would have been liable under their agreement to pay the holder's necessary expenses of receiving it. If the bank had received it for the plaintiff, it might lawfully have charged a fee for so doing, or the holder might have sent some other agent to the bank to receive the money, and such agent would have been entitled to compensation for his services. In either case the charges would be expenses incurred in collecting the money, and such expenses the defendants agreed to pay by the terms of the instrument. Because of this, and because the amount thereof is uncertain, the instrument is not a promissory note, and therefore not negotiable.

As the foregoing views are decisive of the case, necessarily resulting in an affirmance of the judgment, it is thought advisable not to determine the other propositions so ably argued by counsel.

*By the Court.*— Judgment affirmed.